IN THE FRANKLIN COUNTY COURT OF COMMON PLEAS
CIVIL DIVISION

| | |
|---|---|
| RICHARD HILEMAN<br>143 Cherokee Drive<br>Westerville, OH 43081,<br><br>and,<br><br>KAREN HILEMAN<br>143 Cherokee Drive<br>Westerville, OH 43081,<br><br>Plaintiffs,<br><br>v.<br><br>FRANK S. FALZONE &<br>ASSOCIATES, P.L.L.C.<br>215 Hampshire Street<br>Buffalo, NY 14213,<br><br>and,<br><br>JOHN DOES 1-2<br>Name Unknown<br>Address Unknown,<br><br>Defendants. | 09CVC 9 7325 3<br><br>Case No. _____<br><br><br>Judge _____ |

## VERIFIED COMPLAINT (Unlawful Debt Collection Practices)

### I.   INTRODUCTION

1.   This is an action for damages brought by married consumers and against Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

When it enacted the FDCPA, Congress found there to be abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. *Id.*

## II. FACTUAL ALLEGATIONS

2. Plaintiffs, Richard Hileman and Karen Hileman, are natural persons residing at 143 Cherokee Drive in the City of Westerville, County of Franklin, and State of Ohio.

3. Upon information and belief, Defendant is Frank S. Falzone & Associates, PLLC, a New York company operating from a principal address at 215 Hampshire Street, Buffalo, New York 14213 and doing business collecting debts in the State of Ohio.

4. For the purposes of this Complaint, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named in this caption.

5. All named defendants and John Does 1 through 2 inclusive are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.  Plaintiffs, Richard Hileman and Karen Hileman, are "consumers" as defined by the FDCPA, 15 U.S.C. §§ 1692a(3) and 1692c(d), and any persons affected by a violation as generally defined by the FDCPA, 15 U.S.C. § 1692, *et seq.*

7.  The purported debt that Defendants attempted to collect from Plaintiffs was a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

8.  Plaintiff, Richard Hileman, is a 70-year-old man and Plaintiff, Karen Hileman, is a 67-year-old woman who became over extended due to personal financial issues.

9.  Because of the financial difficulty thus visited upon them, Plaintiffs could not make payments on their Discover with an alleged outstanding balance of approximately $1,000.00, which Plaintiffs used for the personal, family, and household services of the Plaintiffs (the alleged Debt).

10. At some time prior to April of 2009, the alleged Debt was consigned, placed, sold, or otherwise transferred to Defendants for collection from Plaintiffs.

11. Plaintiffs' attorney, or his agents, informed Defendants that Plaintiffs were in fact represented by counsel and that all communication must go through the undersigned law firm.

12. The Defendants had knowledge of the aforementioned representation, and in fact, Defendants spoke with Plaintiffs' agents regarding the alleged Discover debt (the Debt alleged in this Complaint). These conversations included, but are not limited to updating the balance of the alleged debt and negotiating toward a potential settlement.

13. Defendants continued to contact Plaintiffs via telephone after receiving notice of legal representation.

14. In multiple telephone calls to Plaintiffs, Defendants indicated they were going to press charges, that they do not work with attorneys, that Plaintiffs should fire their attorney and get new counsel, that they would hire an Ohio law firm, as well as other misrepresentations and legal threats. Plaintiffs instructed Defendants to contact the attorney each time they called.

15. Defendants communicated with Plaintiffs even though Defendants had previously been directed to communicate only with Plaintiffs' attorney or his agents on this matter.

16. Defendants' agents were acting with the knowledge, consent and at the direction of the Defendant, Frank S. Falzone & Associates, PLLC.

17. Defendant is thereby responsible for the actions of their agents under the doctrine of *respondeat superior*.

18. The Defendants wrongful conduct has caused the Plaintiffs emotional distress.

### III. FIRST CLAIM FOR RELIEF

### (Violations of the FDCPA)

19. Plaintiffs repeat, reallege, and incorporate by reference all of the foregoing paragraphs.

20. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) Defendants violated 5 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, and abuse Plaintiffs;

(b) Defendants violated 15 U.S.C. § 1692c(a)(2) by directly contacting Plaintiffs after receiving notification of law firm's representation with respect to such debt;

(c) Defendants violated 15 U.S.C. § 1692e by using a false, deceptive, and misleading means in connection with the collection of a debt;

(d) Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect a debt;

(e) Defendants violated 15 U.S.C. § 1692e(2)(A), (5) and (10) by misrepresenting the imminence of legal action by Defendants;

(f) Defendants violated 15 U.S.C. § 1692e(3) by threatening to take legal action not intended to be taken;

(g) Defendants violated 15 U.S.C. § 1692e(10) by the various misrepresentations set forth above.

21. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiffs for declaratory judgment that Defendants' conduct violated the FDCPA, as well as Plaintiffs' actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k in an amount in excess of $15,000.00, of which the exact amount will be proven at trial.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendants and each of them for the following:

a. Declaratory judgment that Defendants' conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

e. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**LUFTMAN, HECK & ASSOCIATES, LLP**

Scott C. Florin (0080255)
580 East Rich Street
Columbus, Ohio 43215
Phone: (614) 224-1500
Fax:   (614) 224-2894
sflorin@lawlh.com
Attorney for Plaintiffs

## VERIFICATION OF COMPLAINT

State of OHIO

County of FRANKLIN _____, to wit:

KAREN HILEMAN ____, the Complainant named in the foregoing Complaint being duly sworn, says that the facts and allegations contained therein are true, except so far as they are therein stated to be on information, and that, so far as they are therein stated to be on information, she/he believes them to be true.

_Karen A Hileman_
Complainant (signature)

Taken, sworn to and subscribed before me this 27 day of AUGUST, 2009.

_Jeannie Spinnati_
Notary Public

JEANNIE SPINNATI
Notary Public, State of Ohio
My Commission Expires 03-25-2014

*Hileman, et al. v. Frank S. Falzone & Associates, et al.*
Complaint

7

## VERIFICATION OF COMPLAINT

State of __OHIO__

County of __FRANKLIN__, to wit:

__RICHARD HILEMAN__, the Complainant named in the foregoing Complaint being duly sworn, says that the facts and allegations contained therein are true, except so far as they are therein stated to be on information, and that, so far as they are therein stated to be on information, she/he believes them to be true.

_[signature]_
Complainant (signature)

Taken, sworn to and subscribed before me this __27__ day of __AUGUST__, 2009.

_[signature]_
Notary Public

JEANNIE SPINNATI
Notary Public, State of Ohio
My Commission Expires 03-25-2014

*Hileman, et al. v. Frank S. Falzone & Associates, et al.*
Complaint

8